IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01238-BNB

FRANK H. CLARK,

    Plaintiff,

v.

STATE OF COLORADO,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 02 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Frank H. Clark initiated this action by filing *pro se* a Complaint. On June 9, 2009, he filed an amended Complaint on the proper form. The Court must construe the amended Complaint liberally because Mr. Clark is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the action will be dismissed for lack of subject matter jurisdiction.

Mr. Clark alleges that he is a resident of Colorado and that he purchased a used vehicle in Pennsylvania. He further alleges that he "had a V.I.N. number inspection

made by the Maryland State Police (on a Colorado State Form) and attempted to title said car in Colorado." (Am. Compl. at 3.) Mr. Clark asserts that the Colorado Department of Motor Vehicles (DMV) "refused to accept the V.I.N. number inspection by the Md. State Police" and, "[f]or this and other reasons, the Colorado D.M.V. refused to issue a Colorado Title to [Plaintiff's] vehicle." (*Id.* at 2.) The other reasons identified by Mr. Clark for the refusal to issue a Colorado title were that he "did not possess a house number on his property," he "had No Buildings on his property - (which made it vacant land)," and he "had to first title car in Maryland, then Colorado." (*Id.* at 3-3B.) Mr. Clark maintains that these additional reasons for refusing to issue a title are not true.

Mr. Clark asserts two claims for relief in the amended Complaint. He first claims that his rights under the Full Faith and Credit Clause of the United States Constitution were violated when the DMV refused "to accept a Public Act by an officer of another state." (Am. Compl. at 3B.) As relief for his first claim Mr. Clark asks the Court "to issue a 'Writ of Mandamus' ordering Colorado to accept the V.I.N. Inspection by the Md. State Police." (*Id.*) Mr. Clark's second claim for relief is a state law negligence claim in which he seeks an award of damages for the alleged failure to maintain accurate public records that "resulted in or contributed to the State's refusal to issue a Vehicle Title and caused a 'Loss of Use' of [Plaintiff's] Vehicle." (*Id.* at 4.)

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction over the claims being asserted. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the

2

course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F. 2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

Mr. Clark asserts jurisdiction over this action pursuant to the "U.S. Constitution – Federal Question." (Am. Compl. at 2.) The Court will construe this assertion liberally as a reference to 28 U.S.C. § 1331, which provides the Court with subject matter jurisdiction over federal questions. The federal question Mr. Clark seeks to raise arises under the Full Faith and Credit Clause of the United States Constitution. *See* U.S. Const., Art. IV, § 1.

The Court does not agree that federal question jurisdiction exists over Mr. Clark's claim under the Full Faith and Credit Clause. "[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." *Thompson v. Thompson*, 484 U.S. 174, 182 (1988). "Rather, the Clause 'only prescribes a rule by which courts, Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records, and judicial proceedings of a State other than that in which the court is sitting.'" *Id.* at 182-83 (quoting *Minnesota v. N. Sec.*

*Co.*, 194 U.S. 48, 72 (1904)). Therefore, invoking the rule prescribed by the Full Faith and Credit Clause "does not make a case arising under the Constitution or laws of the United States." *N. Sec. Co.*, 194 U.S. at 72.

For these reasons, the Court finds that the Full Faith and Credit Clause does not provide this Court with federal question jurisdiction over Mr. Clark's claim seeking to force the State of Colorado to allow him to register his vehicle. Because Mr. Clark identifies no other authority that would allow this Court to exercise jurisdiction over that claim, that claim will be dismissed for lack of subject matter jurisdiction. The Court also lacks original jurisdiction over Mr. Clark's state law negligence claim for damages. Furthermore, because there is no claim over which the Court has original jurisdiction, the Court lacks supplemental jurisdiction over the state law negligence claim pursuant to 28 U.S.C. § 1367. As a result, the entire action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the Complaint, the amended Complaint, and the action are dismissed for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this ___1___ day of _____July_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01238-BNB

Frank H. Clark
53738 C.R. 79
Briggsdale, CO 80611

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/2/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk